UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KIMBERLY MACK, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF BOSTON AND POLICE OFFICER )<br>JANE DOE )<br>)<br>Defendants. )<br>) | C.A. No.1:24-CV-12417-PBS |

**DEFENDANT CITY OF BOSTON'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS**

**I.   INTRODUCTION**

Defendant, City of Boston, (the "City"), respectfully moves pursuant to Fed. R. Civ. P. 12(b)(6) to have this Honorable Court dismiss Plaintiff, Kimberly Mack's ("Plaintiff") complaint against it. Plaintiff's complaint alleges a total of thirteen (14) counts with eight (8) counts against the City. The counts alleged against the City are negligent infliction of emotional distress (count 7); civil rights conspiracy pursuant to 42 U.S.C. § 1985 (3) (count 8); § 1983 equal protection violations pursuant to the Fourteenth Amendment (count 9); coercive common law conspiracy (count 10); joint liability conspiracy (count 11); a claim of an official policy or custom in violation of Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)) (count 12); Monell for failure to train (count 13); and failure to train or supervise pursuant to M.G.L c. 258 § 2 (count 14). Plaintiff's claims against the City should be dismissed because her complaint fails to state a plausible claim.

II.    **RELEVANT FACTUAL BACKGROUND**[1]

As alleged in the complaint, on July 16, 2022, Plaintiff attended a basketball tournament at Ramsay Park. (See ECF 1 at ¶¶ 1, 14). Suddenly, all the attendees of the game began fleeing the park and allegedly fearing for her safety, Plaintiff also ran away. (Id. at ¶¶ 2-3, 15-16). Plaintiff allegedly saw someone she knew on the ground bleeding from their nose and mouth. (Id. at ¶¶ 4-5, 18-19). Plaintiff claims she was attempting to check on that individual when Officer Jane Doe ("Officer Doe") allegedly grabbed her mouth and neck with one hand each and pushed her backwards. (Id. at ¶¶ 5, 20). Plaintiff allegedly tried to get the name and badge number of Officer Doe, but was prevented from doing so by other unidentified Boston Police Department ("BPD") officers at the scene. (Id. at ¶ 22).

Plaintiff filed a complaint with the Court alleging a total of 14 counts against Officer Jane Doe and the City: excessive force under § 1983 against Officer Doe (count 1); excessive force under M.G.L. c. 12, §11I against Officer Doe (count 2); a Fourth Amendment violation under §1983 against Officer Doe (count 3); an Article XIV violation under M.G.L. c. 12, §11I against Officer Doe (count 4); assault and battery against Officer Doe (count 5); intentional or reckless infliction of emotional distress against Officer Doe (count 6); negligent infliction of emotional distress against the City (count 7); civil rights conspiracy under 42 U.S.C. § 1985 against all defendants (count 8); an equal protection violation under §1983 against all defendants (count 9); coercive common law conspiracy against all defendants (count 10); joint liability common law conspiracy against all defendants (count 11); two Monell claims against the City for an official policy or custom and failure to train or supervise (count 12 and 13); and a failure to train or supervise against the City under M.G.L. c. 258 §2 (count 14). (See ECF 1 at ¶¶ 25-88.)

---

[1] The facts contained in Plaintiff's complaint are accepted as true for the limited purpose of this motion only.

## III.  LEGAL ARGUMENT

### A.  Standard of Review.

A complaint or count therein must be dismissed where it fails to state a claim upon which relief can be granted.  See Fed. R. Civ. P. 12(b)(6).  In considering a motion to dismiss, the Court is obliged to accept the plaintiff's well-pleaded facts as they appear, granting every reasonable inference in the plaintiff's favor. See Cooperman v. Individual, Inc., 171 F.3d 43, 46 (1st Cir. 1999).  However, this tenet does not apply to legal conclusions.  See Ashcroft v. Iqbal, 556 U.S. 662, 664 (2009). Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice.  See id. (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 545 (citations omitted).

A plaintiff must set forth in his complaint "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable legal theory." Gooley v. Mobile Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988). "Although pleading standards are minimal, the First Circuit requires more than conclusions or subjective characterizations." Columbus v. Biggio, 76 F. Supp. 2d 43, 52 (D. Mass. 1999) (citations and quotations omitted). While the First Circuit recognizes the importance of § 1983, it is also "aware of the impact of its misuse" and thus requires a § 1983 claimant to "at least set forth minimal facts, not subjective characterizations, as to who did what to whom and why." Dewey v. University of New Hampshire, 694 F.2d 1, 3 (1st. Cir. 1982). A complaint will not "suffice if it tenders naked assertion[s] devoid of further factual enhancement." Twombly, 550 U.S. at 557 (quotations omitted).  "Despite the highly deferential reading which we accord a litigant's complaint under

3

Rule 12(b)(6), we need not credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation." Martinez v. Arrillaga-Belendez, 903 F.2d 49, 52 (1st Cir. 1990). To state a claim for relief, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "contain sufficient factual matter, accepted as true" to state a plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The plausibility standard is not as onerous as a "'probability requirement,'" but it asks for more than a sheer possibility that a defendant has acted unlawfully. Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Under this analytical framework, and for the reasons set forth below, Plaintiff's complaint fails to state a claim against the City.

    B. **Plaintiff Does Not Sufficiently Plead a Monell Claim Against the City Because She Has Not Alleged That Any Constitutional Violation Was Caused By An Unconstitutional Custom, Policy, or Practice On The Part of the City (Counts 9, 12, and 13).**

Plaintiff pleads three Monell claims against the City—a claim for an official policy or custom (count 9); a claim for failure to train or supervise (count 12); and a claim of an equal protection violation (count 13). Plaintiff has not adequately pleaded the above counts to state a viable Monell claim and as such, those claims must be dismissed.

"A municipality cannot be held liable under § 1983 on a theory of respondeat superior and may only be found liable where the municipality itself caused the constitutional violation at issue." Qualls v. Roache, et al., No. CV 23-10435-GAO, 2024 WL 1333610, at *1 (D. Mass. Mar. 28, 2024) (citing to Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)). Municipalities are not liable for the tortious actions of its employees simply by virtue of the employment relationship.

4

Board of Cty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997) ("[W]e have consistently refused to hold municipalities liable under a theory of respondeat superior"); Monell, 436 U.S. at 692 (a municipality is "not responsible for the … unlawful acts of its officers"). Rather, municipal liability is only established when "municipal employees commit unconstitutional acts and those actions are shown to have been caused by a 'policy or custom' of the government." Id. As the First Circuit explained, the Supreme Court, "concerned that municipal liability based on fault by the City might collapse into de facto respondeat superior has set a very high bar for assessing municipal liability under Monell." Young v. City of Providence ex rel. Napolitano, 404 F.3d 4, 26 (1st Cir. 2005). To prove municipal liability under § 1983, the plaintiff must allege: (1) an unconstitutional "policy or custom" of the City of Boston; and (2) that the policy or custom was "the moving force" behind the injury. Brown, 520 U.S. at 403-05.

To establish a claim for failure to train, "[t]he liability criteria for failure to train claims are exceptionally stringent." Hayden v. Grayson, 134 F.3d. 449, 456 (1st Cir. 1998) (internal quotes omitted). A failure to train claim is actionable only where the "failure to train amounts to deliberate indifference to the rights of person with whom the police come into contact" and where "the identified deficiency in a city's training program [is] closely related to the ultimate injury." Young, 404 F.3d at 26. Deliberate indifference requires the City to disregard a known or obvious risk of serious harm from its failure to develop a training program. Id. at 28. Accordingly, a showing of "deliberate indifference" typically requires showing "a pattern of similar constitutional violations" or circumstances in which the "need for more or different training is so obvious and the inadequacy is so likely to result in the violation of constitutional rights." Hill v. Walsh, 884 F.3d 16, 24 (1st Cir. 2018) (internal quotation and citations omitted); see also Harris, 489 U.S. at 390; Connick v. Thompson, 563 U.S. 51, 64 (2011). "It is not enough to show that the [municipality's] training

regiment was faulty; [a plaintiff] must also show that the [municipality] knew or had reason to believe that such a regiment had unconstitutional effects." Gray v. Cummings, 917 F.3d 1, 14 (1st Cir. 2019). As the U.S. Supreme Court has held, "[a] municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." Connick, 563 U.S. at 61.

Failure to supervise claims are subject to the same stringent standard as failure to train claims. See Rodriques v. Furtado, 771 F. Supp. 1245, 1258 (1st Cir. 1991); Consolo v. George, 835 F. Supp. 49, 51 n.1 (D. Mass. 1993) ("Although the Supreme Court cases only discuss failure to train claims, this Court has held that the same standard is equally applicable to failure to supervise claims"). To prove a failure to supervise claim, Plaintiff must show a constitutional violation on the part of Officer Jane Doe and that the City officials behaved in a manner that "could be characterized as supervisory encouragement, condonation, or acquiescence, or gross negligence amounting to deliberate indifference." Lipsett v. University of Puerto Rico, 864 F. 2d 881, 902 (1st Cir. 1988). Only where the City's alleged failure "reflects a 'deliberate' or 'conscious' choice by a municipality – a 'policy" as defined by our prior cases – can a city be liable for such a failure under § 1983." City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989). This is because such claims are rife with the risk that municipal liability under Monell "might collapse into de facto respondeat superior." Young, 404 F.3d at 26.

Deliberate indifference requires notice - an official cannot make a deliberate choice "unless confronted with a problem that requires the taking of affirmative steps." Lipsett, 864 F. 2d at 902. Likewise, "isolated instances of unconstitutional activity ordinarily are insufficient to establish a supervisor's policy or custom, or otherwise to show deliberate indifference." Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 582 (1st Cir. 1994). Instead, it is "ordinarily necessary" for a plaintiff to prove a "pattern of similar constitutional violations" to demonstrate deliberate

indifference. Connick, 563 U.S. at 62. Plaintiff did not plead a constitutional violation, a specific policy or custom, or a pattern of similar constitutional violations. Further, there are no factual assertions pled to support any such claims.

To state a claim of an equal protection violation, "plaintiffs must adduce competent evidence of 'purposeful discrimination.'" Hayden v. Grayson, 134 F.3d 449, 453 (1st Cir. 1998). "Even evidence of a widely disproportionate impact on the plaintiff class normally is not enough, standing alone, to establish an equal protection violation." Id. "The burden is an onerous one: '[d]iscriminatory purpose' ... implies that the decisionmaker ... selected or reaffirmed a course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." Id.

While Plaintiff alleges that the City "has official policies or customs in place" and "[t]he City of Boston failed to properly train and/or supervise Defendant-Officer Jane Doe", it is not sufficient for her to simply formalistically recite the necessary elements of such a claim. Williams v. Bisceglia, 115 F. Supp. 3d 184, 188 (D. Mass. 2015). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements are insufficient to state a plausible claim for relief." Calixte v. David, 320 F. Supp. 3d 294, 298 (D. Mass. 2018) (citations and quotations omitted) (dismissing §1983 claim where plaintiff simply recited elements of claim). Section 1983 is not just "an instrument of justice in the hands of the weak against the mighty," but it also has the potential for misuse; therefore, a § 1983 claimant must "at least set forth minimal facts, not subjective characterizations, as to who did what to whom and why." Dewey, 694 F.2d at 3.

Here, Plaintiff fails to identify any specific unconstitutional policy or custom of the City that is alleged to have caused her injuries. Moreover, Plaintiff alleges no facts that would support the claim that the City failed to appropriately train or supervise Officer Doe. There are no factual allegations to show that the training and supervision that Officer Doe received was inadequate at

all. The factual allegations do not support the assertion that BPD officials disregarded a known or obvious risk of serious harm to Plaintiff, that there was a pattern of similar constitutional violations by these officers, or that BPD training itself was obviously inadequate and likely to lead to future constitutional violations. Further, Plaintiff makes no specific allegation of purposeful discrimination or that the City committed to a course of action because of its adverse effects on a particular group. Plaintiff's threadbare recitals of the elements of a <u>Monell</u> claim are insufficient to survive a motion to dismiss under <u>Twombly</u>. 550 U.S. at 545. Plaintiff fails to allege facts to establish a policy or custom of the City that caused her purported injuries. As a result, the Court should dismiss counts 9, 12, and 13.

C. **<u>The Conspiracy Claims Must Be Dismissed Because They Do Not Satisfy the Pleading Requirement (Counts 8, 10, and 11).</u>**

Plaintiff pleads three different categories of conspiracy—civil rights conspiracy under 42 U.S.C. §1985 (3) (count 8); coercive common law conspiracy (count 10); and joint liability common law conspiracy (count 11). "A central element of a civil conspiracy is agreement among the actors." <u>Moss v. Camp Pemigwassett, Inc</u>., 312 F.3d 503, 512 (1st Cir. 2002) (internal citations omitted). Counts 8, 10 and 11 fail because they do not adequately claim the existence of a conspiracy. Plaintiff merely recites the elements of conspiracy and does not plead any specific facts, which is insufficient. Thus, counts 8, 10, and 11 must be dismissed.

To establish a viable claim under 42 U.S.C. §1985, a plaintiff must "allege the existence of a conspiracy, allege that the purpose of the conspiracy is 'to deprive the plaintiff of the equal protection of the laws,' describe at least one overt act in furtherance of the conspiracy, and 'show either injury to person or property, or a deprivation of a constitutionally protected right.'" <u>Alston v. Spiegel</u>, 988 F.3d 564, 577 (1st Cir. 2021) (internal citation omitted).

Plaintiff's claim under 42 U.S.C. §1985 must be dismissed because it presents no

supportive facts. Plaintiff merely recites the above elements and makes conclusory statements that each element is met. Plaintiff claims there was a common design or agreement, but does not specify what that common design or agreement was. (See ECF 1 at ¶11). Further, Plaintiff claims there was an overt act in furtherance of the common design or agreement and that Plaintiff was injured, but does not identify or describe the overt act in furtherance of the common design and how it led to an alleged injury. (ECF 1 at ¶¶ 59, 60). As such, count 8 must be dismissed.

Common law conspiracy under a theory of coercion "requires proof of coercion…a plaintiff must allege that the defendant and others combined to have a special coercive power that they did not possess individually." Farrah ex rel. Estate of Santana v. Gondella, 725 F.Supp. 2d 238, 248 (D. Mass 2010) (internal citations omitted). "The salient factors in this claim are the 'peculiar power of coercion' involved and relatedly, 'that the conspiracy achieved what individuals could not achieve.'" Limone v. U.S., 497 F.Supp.2d 143, 223 (D. Mass 2007) (internal citation omitted). "Courts deny coercion-based conspiracy claims when there is nothing unusual about the power wielded by the defendants." Id. "Coercion-based civil conspiracy is a rare tort… the First Circuit has described it as a 'very limited' cause of action." Id. at 225. The Court found the "peculiar power of coercion" was present in Limone where the FBI "use their law enforcement powers—to reward, protect, and immunize [a cooperating witness]—to keep him from changing his story. They used their unique status as federal officers, to keep federal memoranda from state authorities, memoranda which would have disclosed the truth." Id. at 224.

Here, count 10 has one sentence which states, "[d]efendants acted in unison with a peculiar power of coercion over [Plaintiff] which they would not have had if they were acting individually." (See ECF 1 at ¶ 69). There is no explanation throughout the complaint for how the City held "peculiar power" over Plaintiff nor any factual assertions to support Plaintiff's claim. Merely restating the law, paired with a conclusory statement, is insufficient, and as such, count 10 must

9

be dismissed. "Massachusetts courts have recognized two theories of tort-based joint liability: '(1) concert of action, and (2) substantial assistance or aiding and abetting.'" Echavarria v. Roach, 565F.Supp. 3d 51, 99 (D. Mass 2021). "Under a concerted action theory, 'there must be, first, a common design or an agreement, although not necessarily express, between two or more persons to do a wrongful act and, second, proof of some tortious act in furtherance of the agreement.'" Id.

Here, Plaintiff claims, "[o]ne or more of the Defendants committed a tortious act in furtherance of the common design or agreement." (See ECF 1 at ¶72.) Plaintiff does not even identify or describe the alleged common design or agreement, nor does she identify the alleged tortious act committed in furtherance of the common design or agreement. Thus, count 11 does not satisfy the pleading requirement and must be dismissed.

D. **Counts 7 and 14 of Plaintiff's Complaint are claims pursuant to the Massachusetts Tort Claims Act and Must Be Dismissed because the City is either immune from liability for the intentional torts of its employees or Plaintiff fails to plead factual assertions of those claims. (Counts 7 and 14).**

Plaintiff brings two claims pursuant to the Massachusetts Torts Claim Act ("MTCA") – a negligent infliction of emotional distress claim (count 7) and a negligent failure to train or supervise claim (count 14). The MTCA is the "exclusive remedy for bringing tort claims against the Commonwealth and its municipalities." Magliacane v. Gardner, 483 Mass. 842, 850 (2020) (internal citations omitted). The MTCA does not apply to "any claim arising out of an intentional tort, including assault, battery [.]" M.G.L. c. 258 §10(c).

1. <u>**Negligent Infliction of Emotional Distress (Count 7).**</u>

First and foremost, Plaintiff's claim of negligent infliction of emotional distress fails because she alleges a police officer, a municipal employee, committed an intentional tort that caused her alleged emotional distress. The alleged conduct that Plaintiff claims to have caused her emotional distress is assault and battery, which is an intentional tort for which the City is immune from suit. (<u>See</u> ECF 1 at ¶ 51). Given that Plaintiff is claiming that her emotional distress was due to the intentional tort of assault and battery, count 7 should be dismissed.

Moreover, Plaintiff fails to allege a claim of negligent infliction of emotional distress against the City. In order to prevail on a claim of negligent infliction of emotional distress, a plaintiff must prove: "(1) negligence; (2) emotional distress; (3) causation; (4) physical harm manifested by objective symptomatology; and (5) that a reasonable person would have suffered emotional distress under the circumstances of the case." <u>Helfman v. Northeastern University</u>, 485 Mass. 308, 327 (2020) (quoting <u>Payton v. Abbott Labs</u>, 386 Mass. 540, 557 (Mass. 1982)). When a plaintiff seeks recovery for negligent infliction of emotional distress, rather than intentional or reckless infliction of emotional distress, the plaintiff must provide evidence that they suffered physical harm. <u>Payton</u>, 386 Mass. at 546-547, 555. (noting this requirement will "provide reasonable safeguard against false claims.") <u>Nasir v. Town of Foxborough</u>, No. 19-CV-11196-DJC, 2020 WL 1027780, at *5 (D. Mass. Mar. 3, 2020). The plaintiff's physical harm must "cause or be caused by the emotional distress alleged, and the physical harm must be manifested by objective symptomatology and substantiated by expert medical testimony." <u>Payton</u>, 386 Mass. at 556. To some extent, emotional harm may be sufficient to sustain a negligent infliction of emotional distress claim, however, plaintiff must corroborate their mental distress claims with enough objective evidence of harm to convince a judge that their claims present a sufficient

likelihood of genuineness to go to trial. Sullivan v. Bos. Gas Co., 414 Mass. 129, 136-138 (1993); see also, Rodriguez v. Cambridge Hous. Auth., 443 Mass. 697, 702 (2005) (citing Gutierrez v. Mass. Bay Trasp. Auth., 437 Mass. 396, 412 (2002)) (stating physical harm requirement was not eliminated but was expanded to allow proof of physical harm to include symptoms that are more mental than physical). To prevail, a plaintiff must show more than "mere upset, dismay, humiliation, grief and anger." Sullivan, 414 Mass. at 137. Here, Plaintiff's claim does not identify any alleged negligence. Plaintiff merely recites the elements of negligence, and concludes, "Ms. Mack was assaulted and battered and had her rights violated because of Defendant-Officer Jane Doe's breach of duty" (ECF 1, at ¶ 51). It is paradoxical to claim that a municipal employee's alleged intentional tort was also negligent. Therefore, count 7 must be dismissed.

### 2. Failure to Train or Supervise Under M.G.L. c. 258 §2 (Count 14).

Count 14, a failure to train or supervise claim pursuant to M.G.L. c. 258 § 2, must be dismissed because Plaintiff does not provide any factual assertions. Plaintiff merely states that the City was negligent in its training or supervision because it "failed to properly train and/or supervise Officer Doe." (See ECF 1 at ¶ 84).

Plaintiff does not identify any deficiencies in Officer Doe's training or supervision. Further, Plaintiff does not allege any prior problematic behavior of Officer Doe's that the City knew or should have known. See e.g. Theisz v. Massachusetts Bay Transportation Authority, 103 Mass. App. Ct. 822, 826 (2024) ("[i]f the MBTA knew or should have known of [its employee's] assaultive behavior, it was the MBTA's promotion and retention of [its employee], not its failure to prevent his assault on the plaintiff, that forms the basis of its liability.") Plaintiff's conclusory statements that the City failed to train or supervise Officer Doe, without any specific facts, does

not satisfy the pleading requirement and as such, count 14 must be dismissed

## IV.  CONCLUSION

WHEREFORE, for the foregoing reasons, Defendant City of Boston requests that the Court grant the City's motion to dismiss, dismiss the Plaintiff's Complaint in its entirety against it, and grant such other and further relief as it deems just and proper.

Date:  November 25, 2024　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　**DEFENDANT**
　　　　　　　　　　　　　　　　　　　　　　**CITY OF BOSTON**

　　　　　　　　　　　　　　　　　　　　　　By their attorneys:

　　　　　　　　　　　　　　　　　　　　　　Adam Cederbaum
　　　　　　　　　　　　　　　　　　　　　　Corporation Counsel

　　　　　　　　　　　　　　　　　　　　　　*/s/ Elizabeth Teebagy*
　　　　　　　　　　　　　　　　　　　　　　Elizabeth Teebagy (BBO#704002)
　　　　　　　　　　　　　　　　　　　　　　Bridget I. Davidson (BBO# 710244)
　　　　　　　　　　　　　　　　　　　　　　Assistants Corporation Counsel
　　　　　　　　　　　　　　　　　　　　　　City of Boston Law Department
　　　　　　　　　　　　　　　　　　　　　　City Hall, Room 615
　　　　　　　　　　　　　　　　　　　　　　Boston, MA  02201
　　　　　　　　　　　　　　　　　　　　　　(617) 635- 4039(Teebagy)
　　　　　　　　　　　　　　　　　　　　　　(617) 635-3238 (Davidson)
　　　　　　　　　　　　　　　　　　　　　　elizabeth.teebagy@boston.gov
　　　　　　　　　　　　　　　　　　　　　　bridget.davidson@boston.gov

## **CERTIFICATE OF SERVICE**

    I, Elizabeth Teebagy, hereby certify that on November 25, 2024, a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent to those indicated as non-registered participants.

                                                                          */s/ Elizabeth Teebagy*
                                                                          Elizabeth Teebagy