United States District Court
for the
District of Massachusetts
Civil Action No. 1:24-cv-12417

Kimberly Mack,

Plaintiff,

-vs-

the City of Boston and Boston Police Officers Alexandra May and Kailey Jacobs,

Defendants.

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

1. At approximately 12:45 a.m. on July 17, 2022, Plaintiff Kimberly Mack was in Ramsay Park, located between Shawmut Avenue and Washington Street in the City of Boston.

2. Ms. Mack was standing among a group of private citizens and Boston Police Officers

3. Suddenly, without reason or warning, Defendant-Officers Alexandra May and Kailey Jacobs grabbed and pushed Ms. Mack approximately twenty (20) feet from Ms. Mack's original location.

4. There was no reason or justification to grab and push Ms. Mack; immediately before Defendant-Officers Alexandra May and Kailey Jacobs grabbed and pushed her, she was standing silently, communicating with others on her smartphone.

5. Ms. Mack now brings this complaint and demand for a jury trial to vindicate her rights as guaranteed under the Constitution of the United States, the

Massachusetts Declaration of Rights, and the laws of both the United States and the Commonwealth of Massachusetts.

## Jurisdiction and Venue

6. This Court has subject matter jurisdiction over all claims in this action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

7. This Court is the proper venue for this action pursuant to 28 U.S.C. § 1391.

## Parties

8. Ms. Mack is a resident of the Commonwealth of Massachusetts.

9. Boston Police Department ("BPD") Officers Alexandra May and Kailey Jacobs are law enforcement officers employed by BPD. They acted at all relevant times as on-duty BPD police officers. They are sued in their individual and personal capacity. Upon information and belief, they are residents of the Commonwealth of Massachusetts.

10. The City of Boston is a municipality located within Suffolk County in the Commonwealth of Massachusetts.

## Facts Alleged

### I. The Attack

11. At approximately 12:45 a.m. on July 17, 2022, Ms. Mack was in Ramsay Park, located between Shawmut Avenue and Washington Street in the City of Boston.

12. Ms. Mack was standing among a group of private citizens and Boston Police Officers, communicating with friends and loved ones with her smartphone. She was

entirely focused on her smartphone and was not interacting with any of the people surrounding her.

13. Defendant-Officer Alexandra May was directly behind Ms. Mack, such that Ms. Mack's back was facing Defendant-Officer Alexandra May and was a few inches from the front of her body.

14. Defendant-Officer Kailey Jacobs was approximately ten (10) feet from both Ms. Mack and Defendant Officer Alexandra May. She was also located behind Ms. Mack, but off toward the back right side of Ms. Mack's body.

15. Suddenly, without reason or warning, Defendant-Officer Alexandra May grabbed Ms. Mack's body with both hands and began pushing her in the direction they were both facing.

16. Before Defendant-Officer Alexandra May grabbed and pushed Ms. Mack, Ms. Mack did not communicate with her. Ms. Mack did not threaten her. She did not interact with anyone. She was standing still, silently communicating with others on her smartphone.

17. As Defendant-Officer Alexandra May was grabbing and pushing Ms. Mack, Defendant-Officer Kailey Jacobs approached both of them and also began grabbing and pushing Ms. Mack.

18. As suddenly as the grabbing and pushing began, it stopped; Defendant-Officers Alexandra May and Kailey Jacobs released their holds on Ms. Mack's body and ceased pushing her.

19. Defendant-Officers Alexandra May and Kailey Jacobs did not interact with Ms. Mack further. They did not handcuff her.

20. They also did not interact with any other individuals present in the same way.

21. In short, the Defendant-Officers grabbed Ms. Mack, pushed her approximately twenty (20) feet for approximately fifteen (15) seconds, released her, and walked away.

## II. Ms. Mack's Injuries

22. Defendant-Officers Alexandra May and Kailey Jacobs actions injured Ms. Mack. She sustained injuries to her back, neck, and ankles because of the Defendant-Officers.

23. Because of those injuries, in the two-plus years since the Defendant-Officers attacked Ms. Mack, she has received long-term treatment for her back, neck, and ankles.

24. She has also sought and received long-term mental health treatment because of the Defendant-Officers' attack.

## III. The City of Boston's Involvement

25. Before attacking Ms. Mack, the Defendant-Officers used no de-escalation tactics. They also displayed an inability to effectively manage the group of private citizens amongst whom they were mingling.

26. The Defendant-Officers actions—or, rather, lack of appropriate action—demonstrates the City of Boston's failure to properly train the Defendant-Officers in

de-escalation tactics, crowd-control methods, use of force, and interactions with otherwise peaceful Boston citizens.

27. After the attack, Ms. Mack filed a complaint with BPD. She communicated with a BPD officer regarding the attack.

28. The attack was video recorded by the body-worn cameras of the Defendant-Officers.

29. The City of Boston possessed and had access to the videos and knew of their contents.

30. Upon information and belief, the Defendant-Officers received no discipline, training, or corrective action whatsoever despite the attack, Ms. Mack reporting it to BPD, and the body-worn camera videos confirming the attack.

### Count 1
**Excessive force under 42 U.S.C. § 1983 against Defendant-Officers Alexandra May and Kailey Jacobs**

31. Ms. Mack incorporates by reference all prior paragraphs.

32. During all events described in the early morning of July 17, 2022, Defendant-Officers Alexandra May and Kailey Jacobs were acting under color of state law an on-duty BPD police officers.

33. Defendant-Officers Alexandra May and Kailey Jacobs used force on Ms. Mack which was unreasonable under all the circumstances.

34. As a result of Defendant-Officers Alexandra May and Kailey Jacobs's use of excessive force, Ms. Mack was denied her rights as guaranteed under the Fourth Amendment to the Constitution of the United States.

## Count 2
**Assault and battery against Defendant-Officers Alexandra May and Kailey Jacobs**

35. Ms. Mack incorporates by reference all prior paragraphs.

36. Defendant-Officers Alexandra May and Kailey Jacobs intended to cause harmful or offensive contact with Ms. Mack.

37. A harmful or offensive contact of Ms. Mack directly or indirectly resulted from Defendant-Officers Alexandra May and Kailey Jacobs's actions and intent.

## Count 3
**Intentional or reckless infliction of emotional distress against Defendant-Officers Alexandra May and Kailey Jacobs**

38. Ms. Mack incorporates by reference all prior paragraphs.

39. Defendant-Officers Alexandra May and Kailey Jacobs intended to inflict emotional distress on Ms. Mack or knew or should have known that emotional distress was likely to result.

40. Defendant-Officers Alexandra May and Kailey Jacobs's conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized society.

41. Defendant-Officers Alexandra May and Kailey Jacobs caused Ms. Mack's emotional distress.

42. Ms. Mack suffered severe emotional distress of a nature that no reasonable person could be expected to endure it.

43. Specifically, in the two (2) years since she was attacked, Ms. Mack has endured daily, intense physical and emotional pain. Trauma resulting from the attack

combined with the daily physical and emotional pain has negatively affected Ms. Mack's physical and mental health and resulted in intense pain and suffering. She has endured intense anxiety, depression, stress, and physical and emotional pain. She has had difficulty sleeping, eating, working, and socializing. And she has sought and received long-term mental health treatment.

## Count 4
### Negligent infliction of emotional distress against the City of Boston

44. Ms. Mack incorporates by reference all prior paragraphs.

45. Defendant-Officers Alexandra May and Kailey Jacobs owed a duty of care to Ms. Mack.

46. Defendant-Officers Alexandra May and Kailey Jacobs breached that duty.

47. Ms. Mack was assaulted and battered and had her rights violated because of Defendant-Officers Alexandra May and Kailey Jacobs's breach of duty.

48. Defendant-Officers Alexandra May and Kailey Jacobs's breach of duty caused Ms. Mack emotional distress.

49. Ms. Mack's emotional distress caused her to suffer physical harm.

50. Specifically, in the two (2) years since she was attacked, Ms. Mack has endured daily, intense physical and emotional pain. Trauma resulting from the attack combined with the daily physical and emotional pain has negatively affected Ms. Mack's physical and mental health and resulted in intense pain and suffering. She has endured intense anxiety, depression, stress, and physical and emotional pain. She has had difficulty sleeping, eating, working, and socializing. And she has sought and received long-term mental health treatment.

51. A reasonable person in Ms. Mack's position would also have experienced emotional distress.

### Count 5
### *Monell* claim against the City of Boston for failure to train or supervise

52. Ms. Mack incorporates by reference all prior paragraphs.

53. The City of Boston both failed to properly train and/or supervise Defendant-Officers Alexandra May and Kailey Jacobs.

54. The failure to properly train and/or supervise amounted to deliberate indifference to the rights of the persons with whom Defendant-Officers Alexandra May and Kailey Jacobs came into contact.

55. Defendant-Officers Alexandra May and Kailey Jacobs acted without proper training and/or supervision.

56. Ms. Mack was harmed and deprived of her constitutional rights as a result.

### Count 6
### Failure to train or supervise against the City of Boston under G.L. c. 258, § 2

57. Ms. Mack incorporates by reference all prior paragraphs.

58. The City of Boston both failed to properly train and/or supervise Defendant-Officers Alexandra May and Kailey Jacobs.

59. The failure to properly train and/or supervise amounted to deliberate indifference to the rights of the persons with whom Defendant-Officers Alexandra May and Kailey Jacobs came into contact.

60. Defendant-Officers Alexandra May and Kailey Jacobs acted without proper training and/or supervision.

61. Ms. Mack was harmed and deprived of her constitutional rights as a result.

62. WHEREFORE, Ms. Mack respectfully requests the Court grant the following forms of relief:

a. Enter judgment in favor of Ms. Mack and against the Defendants on all counts of the Complaint;

b. Award compensatory and punitive damages in an amount to be determined by a jury;

c. Award Ms. Mack attorneys' fees, costs, and interest as permitted by law; and

d. Grant such further and other relief as may be just and proper.

## Demand for Jury Trial

63. Ms. Mack demands a trial by jury on all claims and issues.

Dated:      December 16, 2024
            Boston, Massachusetts

Respectfully submitted,

Joshua O'Neill, Esq.
BBO# 704512
617.356.7784
josh@bostondefender.com

The Boston Defender
www.bostondefender.com
100 Cambridge Street
14th Floor
Boston, MA 02114