## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**CIVIL ACTION NO. 1:24-cv-12417 PBS**

KIMBERLY MACK,
      Plaintiff,

v.

ALEXANDRA MAY and KAILEY JACOBS.
      Defendants.

## <u>DEFENDANTS' MOTION FOR SANCTIONS</u>

Defendants Alexandra May ("Officer May") and Kailey Jacobs ("Officer Jacobs") (collectively "Officers") move pursuant to Fed. R. Civ. P. 37 (2)(A)(ii) to sanction the Plaintiff for repeated, delayed discovery responses. Specifically, the Defendants' seek that the Plaintiff be sanctioned by deeming her right to propound discovery and depose the Defendants waived.  In support of this request, Defendants state as follows:

1) Plaintiff's Complaint was first filed with the Court on September 21, 2024. (*See* ECF 1.) Plaintiff's Amended Complaint was filed on December 16, 2024. (*See* ECF 9.)

2) On March 14, 2025, the Court approved the following joint scheduling statement. (*See* ECF 33.) The approved relevant deadlines included:

    a.  Initial Disclosures-April 18, 2025;

    b.  Written Discovery (to be served)-May 23, 2025;

    c.  Fact Discovery and Depositions-Final Deadline-July 18, 2025.

3) On April 7, 2025, the Parties were scheduled to appear before the Court for a Meditation Status Conference. Defendants' counsel appeared; Plaintiff's counsel did not. (*See* ECF 36.)

1

4) Pursuant to the approved scheduling order, initial disclosures were due on April 18, 2025. (*See* ECF 32.)

5) On April 17, 2025, Defendants served their initial disclosures to Plaintiff by email.

6) Plaintiff did not serve her initial disclosures by April 18, 2025.

7) Pursuant to the approved scheduling order, written discovery (requests for production of documents, interrogatories, and requests for admissions) were to be served by May 23, 2025. (*See* ECF 32.)

8) On May 22, 2025, Defendants served their first requests for documents, interrogatories, and admissions to Plaintiff by email. Plaintiff confirmed receipt of these requests.

9) Further, on May 22, 2025, counsel for Officers May and Jacobs inquired if Plaintiff's counsel intended to serve initial disclosures, as Plaintiff had not done so. Plaintiff's counsel did not respond to this inquiry.

10) Plaintiff did not request any written discovery from Defendants by May 23, 2025.

11) Plaintiff's responses to Officers May and Jacobs' requests for documents, interrogatories, and admissions were due on June 23, 2025.

12) On July 2, 2025, counsel for Officers May and Jacobs emailed Plaintiff's counsel, indicating that if discovery responses were not received by July 10, 2025, Officers May and Jacobs intended to file a motion to compel.

13) Plaintiff provided the requested discovery responses on July 10, 2025 at 11:11 PM. The discovery responses were not complete and the Defendants informed Plaintiff of the missing materials.

14) Plaintiff provided her initial disclosures on July 11, 2025.

15)  Defendants' Interrogatory No. 8 asked "Please identify all known witnesses with knowledge of the events described in your Complaint along with contact information including but not limited to:

    a.  phone number;

    b.  physical and mailing address; and

    c.  email address

16)  Plaintiff's response to Interrogatory No. 8 identified the following witnesses:

    a.   Paris Mclean – 857-342-0994 –16 Harvard Street, Boston, MA 02124;

    b.  Derrek Tatum-857-237-9135 165 Crafford Street, Boston, MA 02118;

    c.  Sklar Veale 617-866-1415 2 Sojourner Truth Ct, Boston, MA 02118.

17)  In Plaintiff's initial disclosures, Plaintiff identified the three above witnesses as percipient witnesses.

18)  Plaintiff provided her initial disclosures approximately three months late.

19) Because of this delay, the Defendants did not have knowledge of these percipient witnesses until July 10 and July 11, 2025—one week before the close of discovery and depositions on this case.

20) The delayed disclosure prejudiced the Defendants, who have sought to timely comply with all of the Court ordered deadlines.

21) The deadline for written discovery and depositions in this case is July 18, 2025. (*See* ECF 32.)

22) Defendants noticed Plaintiff's deposition to be held on July 17, 2025.

23) Plaintiff has repeatedly failed to follow the Court ordered discovery deadlines. Plaintiff has failed to timely produce her initial disclosures, responses to interrogatories, responses

3

to production of documents, or production of admissions. Further, Plaintiff did not serve any discovery requests on the Defendants by the Court ordered deadline.

24) In <u>Tower Ventures, Inc. v. City of Westfield</u>, 296 F.3d 43 (2002) the First Circuit examined the discretion of District Courts in sanctioning parties for violations of the Court's scheduling order. The Court emphasized, "'a litigant who ignores case-management deadlines does so at his peril.' Consequently, when noncompliance occurs, the court may choose from a broad universe of possible sanctions." (internal citations omitted.)

25) The Court stressed the importance of parties' adherence to the scheduling order, writing "[t]o manage a crowded calendar efficiently and effectively, a trial court must take an active role in case management. Scheduling orders are essential tools in that process— and a party's disregard of such orders robs them of their utility. For that reason, litigants have an 'unflagging duty to comply with clearly communicated case-management orders'…. the court's efforts at stewardship are undermined where, as here, a party cavalierly flouts the court's scheduling orders. Unexcused misconduct of that stripe places the choice of sanction (up to, and including, dismissal) within the sound discretion of the district court." <u>Id</u> at 46.

26) In the case presently before the Court, the Court made it clear its interest in a timely litigation of this case and ordered short deadlines. (See ECF 33.)

27) The Plaintiff has repeatedly failed to comply with the Court's ordered deadlines. First, Plaintiff failed to appear at a hearing, without prior notice to the Court or the Defendants. Second, the Plaintiff provided her initial disclosures three months late, with no explanation. Third, Plaintiff failed to propound discovery on the Defendants by May 23,

2025, the Court imposed deadline, with no explanation. Fourth, Plaintiff belatedly provided her responses to the Defendants' timely made discovery requests with no explanation for the delay. Fifth, Plaintiff has not noticed any depositions. Discovery for this case currently closes this Friday, July 18, 2025.

28) The Defendants' filed a separate motion, seeking to enlarge the time to depose three non-party witnesses. The Defendants' only learned of these non-party witnesses on July 10, 2025, one week before the close of discovery due to the Plaintiff's delay.

29) The Defendants are prejudiced by Plaintiff's delayed disclosure.

30) The Plaintiff should not benefit from a potentially enlarged deposition period, where it is her conduct that warranted the Defendants' request for said enlargement.

31) Additionally, the deadline for Plaintiff to propound discovery was on May 23, 2025, about two months ago. She never attempted to propound discovery nor has requested an extension to propound discovery.

32) The sanction that the Defendants seek—that Plaintiff waives her right to propound discovery and depose the Defendants—is narrowly tailored to the discovery violation. Plaintiff has repeatedly ignored case management deadlines. This requested sanction is within the discretion of the Court.

**WHEREFORE**, the Defendants respectfully request that this Motion be allowed and that the Court order that Plaintiff has waived her right to propound discovery and conduct depositions.

*[signature on next page]*

5

Respectfully submitted,

DEFENDANTS,

**ALEXANDRA MAY
and KAILEY JACOBS**

by their attorney,

Adam Cederbaum
Corporation Counsel

/s/ Elizabeth Teebagy
Elizabeth Teebagy (BBO#704002)
Bridget I. Davidson (BBO# 710244)
Assistants Corporation Counsel
City of Boston Law Department
City Hall, Room 615
Boston, MA 02201
(617) 635- 4039(Teebagy)
(617) 635-3238 (Davidson)
elizabeth.teebagy@boston.gov
bridget.davidson@boston.gov

Date: July 14, 2025

### Certificate of Compliance With Local Rule 7.1

I hereby certify that on July 14, 2024, I conferred with opposing counsel and attempted in good faith to resolve or narrow these issues.


 /s/  Elizabeth Teebagy
Elizabeth Teebagy



### Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on July 14, 2025.


/s/Elizabeth Teebagy
Elizabeth Teebagy

6